# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| TERRY-LEE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>NORTH VALLEY COUNTY WATER AND SEWER, ASSOC., P.U.D., et al.,<br><br>　　　　　Defendants. | CV-18-71-BMM-JTJ<br><br>AMENDED ORDER |

Plaintiff Terry-Lee filed a motion for leave to proceed in forma pauperis (IFP) on May 2, 2018. (Doc. 1.) United States Magistrate Judge John Johnston granted Terry-Lee's motion for leave to proceed IFP pursuant to 28 U.S.C. § 1915. (Doc. 4.) Terry-Lee filed his first Complaint on May 2, 2018. (Doc. 2.)

Judge Johnston issued Findings and Recommendations on June 19, 2018. (Doc. 6.) Judge Johnston determined that Terry-Lee's Complaint was frivolous and sought monetary relief from parties who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2). (*Id.* at 1-2.) Judge Johnston recommended that Terry-Lee be allowed twenty days to file an Amended Complaint. (*Id.* at 14.) This Court adopted Judge Johnston's findings and recommendations in full. (Doc. 11 at 2.)

1

Terry-Lee filed an Amended Complaint on July 9, 2018. (Doc. 7.) Judge Johnston issued an Order on November 28, 2018, directing Terry-Lee to serve the Defendants with process and provide proof of service to the Court on or before January 11, 2019. (Doc. 13 at 1.) Judge Johnston warned Terry-Lee that this case may be dismissed if Terry-Lee failed to comply with the Order. (*Id.* at 2.) Terry-Lee did not comply with the Order. (Doc. 17 at 1.)

Judge Johnston issued a second Order on June 6, 2019, directing Terry-Lee to serve the Defendants with process and to provide proof of service. (Doc. 16.) Judge Johnston ordered Terry-Lee to serve the Defendants on or before July 5, 2019. (*Id.* at 1-2.) Judge Johnston informed Terry-Lee that he would recommend that this Court dismiss the case if Terry-Lee failed to comply with the Order. (*Id.* at 2.) Terry-Lee did not serve the Defendants and did not otherwise responded to the Court's Order. (Doc. 17 at 1-2.)

Judge Johnston issued Findings and Recommendations on July 18, 2018. (Doc. 17.) Judge Johnston recommended that this matter be dismissed without prejudice for failure to comply with the Court's June 6, 2019, Order. (*Id.* at 2.) Terry-Lee filed an objection to Judge Johnston's Findings and Recommendations on August 1, 2019. (Doc. 18.) Terry-Lee also filed a motion asking the Court to

order the United States Marshal's Service to serve Terry-Lee's complaints and summons on the Defendants. (Doc. 19.)

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which Terry-Lee did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the Court in a re-argument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

I. **Terry-Lee's Objections**

Terry-Lee objects to Judge Johnston's conclusion that this matter should be dismissed for failure to comply with the June 6, 2019, Order directing Terry-Lee to serve the Defendants and to provide proof of service. (Doc. 18.) Terry-Lee now requests that this Court order the United States Marshal's Service to serve his Complaint and Summons on his behalf. (Docs. 18 & 19.)

Officers of the Court "shall issue and serve all process" in cases where the plaintiff is proceeding IFP. 28 U.S.C. § 1915(d). The Court must order that service

be made by a United States marshal, United States deputy marshal, or by a person specifically appointed by the Court at the plaintiff's request if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). A plaintiff proceeding IFP must request service of his summons and complaint by court officers before the officers are responsible for effectuation such service. *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991).

Terry-Lee did not request that the Court arrange for service when this matter was before Judge Johnston. Judge Johnston's Findings and Recommendations, issued on July 18, 2019, recommend dismissal of the matter based on Terry-Lee's failure to serve the Defendants. (Doc. 17 at 2.) Terry-Lee subsequently requested that the Court arrange for service. (Docs. 18 & 19.) The Court must arrange for service at an IFP plaintiff's request. 28 U.S.C. § 1915; Fed. R. Civ. P. 4(c)(3). Terry-Lee's request renders moot Judge Johnston's Findings and Recommendations (Doc. 17).

It remains this Court's practice, upon request by a plaintiff proceeding IFP, to first request that a defendant waive service before ordering the United States Marshal's Service to effectuate service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). This Court would first request that the Defendants waive service

before ordering the United States Marshal's Service to serve the Amended Complaint if this matter were to proceed.

## II. Terry-Lee's Amended Complaint

Once a court permits a case to proceed IFP, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal is not discretionary. A court *must* dismiss a case proceeding IFP if it determines the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against an immune defendant. *Id.*

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Wemple v. All Illinois Judicial Circuits*, 778 F. Supp. 2d 930, 932 (C.D. Ill. 2011). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the grounds upon which he is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim for relief must contain "a short and plain statement of the claim showing that" the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes liberally documents filed by pro se litigants. *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(e). Pro se litigants remain bound, however, by the rules of civil procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Terry-Lee lists the Defendants in his Amended Complaint as follows: (1) North Valley County Water and Sewer Association, a Public Utility District; (2) Valley County Risk Management; (3) Leon M. Pearce, chairman of the North Valley County Water and Sewer Association; (4) Jerry Ketchum, employee of the North Valley County Water and Sewer Association; (5) Deanna Ketchum, employee of the St. Marie Village Association; (6) Cody James Tribby, employee of the North Valley County Water and Sewer Association; (7) Alice Hawkens, employee of North Valley County Water and Sewer Association; (8) Alex Esteves, employee of the Valley County Sheriff's Office; and (9) John and Jane Does 1-10, currently unknown. (Doc. 7-1 at 8-9.)

Terry-Lee generally alleges the Defendants deprived him of the following constitutional rights: (1) First Amendment right to freely exercise religion; (2) Fourth Amendment right to be free from unreasonable searches and seizures; (3) Fifth Amendment right to due process; (4) Sixth Amendment rights in criminal trials; (5) Seventh Amendment right to a jury trial in certain civil cases; (6) Eighth

Amendment right to be free from cruel and unusual punishment; (7) Ninth Amendment protection of rights not enumerated in the Constitution; and (8) Tenth Amendment right to have "equal protections of the law." (*Id.* at 5-7.)

Judge Johnston determined that the claims Terry-Lee presented in his first Complaint were an attempt to have the federal court adjudicate issues previously addressed in Montana state court proceedings. (Doc. 6 at 11.) A state-court jury found Terry-Lee guilty of misdemeanor theft for bypassing the water monitoring system in a residential unit in St. Marie, Montana. *State v. Brauner*, 410 P.3d 953, *2 (Mont. 2018) (unpublished). The Montana Supreme Court affirmed Terry-Lee's conviction. *Id.* at *3.

A complaint filed in federal court must be dismissed for lack of subject matter jurisdiction if the complaint raises claims that are "inextricably intertwined" with a state court's decision such that adjudication of the federal claims would undercut the state court's ruling or require the federal district court to interpret application of state law. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Judge Johnston found that Terry-Lee's federal claims were "inextricably intertwined" with the state court proceedings and that the federal court's adjudication would undercut the state court's rulings. (Doc. 6 at 11 (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). Judge Johnston concluded that

7

the federal court lacked subject-matter jurisdiction. (Doc. 6 at 11.) Judge Johnson recommended that this Court dismiss Terry-Lee's claims because they had no arguable basis in fact or law and were frivolous. (*Id.*)

The Court already adopted Judge Johnston's Findings and Recommendations (Doc. 6) determining that Terry-Lee's first Complaint was frivolous. (Doc. 11.) Terry-Lee's first Complaint was 33 pages long. (Docs. 2, 2-1, & 2-2.) Terry-Lee's Amended Complaint is 41 pages long. (Docs. 7 & 7-1.) Eighteen pages of Terry-Lee's Amended Complaint (Doc. 7) are identical or nearly identical to his first Complaint (Doc. 2). To the extent Terry-Lee advances the same claims in those 18 pages, the Court already has determined those claims are insufficient and will not revisit that decision now. (Doc. 11.)

Terry-Lee asserts additional claims in his Amended Complaint. (Doc. 7.) Most of the additional claims revolve around Terry-Lee's previous state court proceedings. (Docs. 6 at 9-11, 7-1 at 11.) Terry-Lee asserts that the North Valley County Water and Sewer Association, its chairman Leon M. Pearce, and its employees Jerry Ketchum, Cody James Tribby, and Alice Hawkens, violated his constitutional rights when they investigated the residential unit and reported the water-system bypass to the authorities. (Doc. 7-1 at 10-11, 16-17, 20-23.) Terry-Lee contends that Valley County Risk Management would be responsible for

8

paying any judgment Terry-Lee may obtain. (*Id.* at 12.) Terry-Lee also asserts that Sheriff's Deputy Alex Esteves violated Terry-Lee's constitutional rights by investigating the water-system bypass. (*Id.* at 18-19.)

These additional claims are "inextricably intertwined" with the state court proceedings in the same way that the claims in Terry-Lee's first Complaint (Doc. 2) were "inextricably intertwined" with the state court proceedings. The Court's adjudication of the additional claims similarly would undercut the state court's rulings. *See Bianchi*, 334 F.3d at 898. The Court lacks subject matter jurisdiction over Terry-Lee's claims relating to the previous state court proceedings. The claims have no arguable basis in fact or law and prove frivolous.

Terry-Lee's Amended Complaint presents two topics seemingly unrelated to the state court proceedings. First, Terry-Lee states that he sought to develop property in St. Marie, Montana. (Doc. 7-1 at 2-3.) Terry-Lee reports that he invested $30,000 in the project and that his partners invested $700,000 in the project. (*Id.* at 3.) Terry-Lee appears to fault the Defendants for his failure to develop the property. (*Id.*)

The Court remains unable to discern what claim Terry-Lee intends to bring regarding his purported failed development. Terry-Lee does not advance this claim by providing any other relevant information. (*Id.* at 5-7.) Terry-Lee has failed to

9

state a claim upon which relief may be granted regarding his alleged failed development.

Second, Terry-Lee reports that Deanna Ketchum told authorities that Terry-Lee was driving without a valid driver's license. (*Id.* at 13-14.) Terry-Lee asserts that Deanna Ketchum violated Terry-Lee's "Right of Choice to use [his] True Christian name for all of [his] affairs, for religious reasons." (*Id.* at 14.) Terry-Lee also asserts that Deanna Ketchum and an unnamed post-office employee violated Terry-Lee's (1) Fourth Amendment right to be secure in his effects; (2) Fifth Amendment right to due process; and (3) Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 14-15.) Terry-Lee contends that Deanna Ketchum's actions injured Terry-Lee both mentally and physically. (*Id.* at 15-16.)

The Court is not able to identify a claim upon which relief may be granted regarding Deanna Ketchum's reported conduct. Deanna Ketchum did not violate any of Terry-Lee's rights if she simply reported alleged unlawful behavior to the authorities. Terry-Lee fails to state with specificity any other actions Deanna Ketchum, or an unnamed post-office employee, took that violated his enumerated rights. Terry-Lee has failed to state a claim upon which relief may be granted regarding Deanna Ketchum or an unnamed post-office employee.

This Court determines that Terry-Lee's Amended Complaint (Doc. 7) is frivolous and fails to state a claim upon which relief may be granted. The Court must dismiss Terry-Lee's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Judge Johnston's Findings and Recommendations (Doc. 17) are rendered **MOOT** by Terry-Lee's request to have the United States Marshal's Service serve the Defendants on his behalf.

2. This action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

DATED this 3rd day of October, 2018.

/s/ Brian Morris
Brian Morris
United States District Court Judge